(No. 34395.—

CITIES SERVICE OIL COMPANY, Appellee, *vs.* RUSSELL TUTHILL, Appellant.

*Opinion filed September 20, 1957.*

HAROLD N. LINGLE, of Anna, for appellant.

RENDLEMAN AND RENDLEMAN, of Anna, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from the circuit court of Union County, which decreed specific performance of a contract arising from the exercise of an option contained in a lease. A freehold being involved, the case comes directly to this court.

In 1945, the plaintiff, Cities Service Oil Company, and the defendant, Russell Tuthill, entered into a lease agreement under which the latter leased certain property to the oil company for a term beginning May 1, 1946, and ending April 30, 1951.

A pertinent part of the lease provided as follows:

"9. Lessee shall have the option of purchasing the demised premises at the expiration of this lease for the sum of Seven Thousand Five Hundred and no/100ths ($7,500.00) Dollars. Lessee shall also have the option of purchasing the demised premises at any time during the term of this lease or any extension thereof at such price and terms which Lessor, as often as he is desirous of selling, may obtain from a bona fide purchaser, ready, able and willing to buy, said option to be exercised within fifteen days after written notice to Lessee of the terms of such sale so available and desired, and the prospective purchaser. Exercise of any such option shall create a contract of sale; and Lessor shall promptly furnish to Lessee abstract of title certified to the then date, showing to the satisfaction of Lessee's counsel merchantable title in Lessor; or at the Lessee's option, if available, title guaranty policy to the amount of the purchase price, and shall make appropriate conveyance by deed, with joinder of spouse, if any, and with usual covenants of warranty."

On March 14, 1951, 47 days before the lease was due to expire, the plaintiff sent written notice to the defendant, advising him of its election "to exercise its option to purchase" as contained in the above paragraph 9.

But on April 5, 1951, the defendant notified the plaintiff that because of the company's failure to renew the lease he had elected to terminate it at the end of the present term. This was followed on April 19, 1951, with another notice, informing the plaintiff that the defendant had re-

ceived an offer of $25,000 for the property from one Bruce McFadden.

On April 28, 1951, the plaintiff again notified the defendant of its election, of March 14, 1951, to purchase the property under the option provided in the lease. And this was confirmed once more by a letter to the defendant dated May 1, 1951.

Thereafter, on May 7, 1951, the defendant and Bruce McFadden entered into a written contract for the sale of the property. The plaintiff then filed the instant suit for specific performance.

In contesting the plaintiff's claim, the defendant asserted as a special defense the offer of McFadden and the failure of the plaintiff to meet said offer in accordance with the terms of paragraph 9 of the lease.

The trial court granted specific perfomance, and the defendant appeals.

Although the plaintiff advances several arguments to support the trial court's decree, it is necessary for us to consider but one, *viz.*, there is no proof that the so-called McFadden offer was from a "bona fide purchaser ready, able and willing to buy." For the defendant's position is predicated upon the legal effect of this offer.

The record shows that the defendant alone testified regarding the McFadden offer. McFadden did not testify, nor was his failure to do so accounted for.

The defendant's testimony was sketchy. He testified that McFadden offered him $25,000 for the property while they were out looking at another piece of property. He acknowledged that McFadden was a relative by marriage who had materially assisted him in the past. He said he did not know of any business in which McFadden was active at the time of the alleged offer, but thought he was "selling some fishing tackle." No effort was made by the defendant to establish McFadden's ability to perform.

The plaintiff introduced uncontradicted evidence, elicited from two real-estate brokers in the area, that the value of the property in question did not exceed $9,000. And when plaintiff's counsel undertook to show that McFadden did not have the ability to perform the alleged contract, the court stopped him, saying: "I don't think the defendant has offered anything about his ability to purchase. I see nothing along that line to rebut." Counsel for the defendant made no objection, and the case was closed.

Under these circumstances, there is certainly evidence from which the chancellor could reasonably conclude that the asserted defense was not a bar to the plaintiff's action. There was no proof whatever of McFadden's ability to perform, and there is evidence to indicate, particularly in the light of the valuation testimony, that the offer was not *bona fide*.

Accordingly, the decree of the circuit court of Union County is affirmed.

*Decree affirmed.*